**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4395**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

RASHAUN ANTONIO TAYLOR, a/k/a Diablo, a/k/a Blo, a/k/a Blo Bosston, a/k/a Bubba,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:19-cr-00036-RAJ-RJK-1)

Submitted: July 12, 2021                     Decided: August 18, 2021

Before WYNN and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Harry Dennis Harmon, Jr., Norfolk, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, John F. Butler, Assistant United States Attorney, Andrew C. Bosse, Assistant United States Attorney, Joseph E. Depadilla, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashaun Antonio Taylor appeals his convictions following a jury trial for various offenses, including conspiracy to commit racketeering, in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(d). Taylor argues that the Government failed to present sufficient evidence to support his conspiracy conviction and claims that the district court erred in failing to sua sponte declare a mistrial. For the reasons that follow, we affirm.

We review a district court's denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal based on the sufficiency of the evidence de novo. *United States v. Farrell*, 921 F.3d 116, 136 (4th Cir.), *cert. denied*, 140 S. Ct. 269 (2019). "A jury's guilty verdict must be upheld if, viewing the evidence in the light most favorable to the government, substantial evidence supports it." *United States v. Haas*, 986 F.3d 467, 477 (4th Cir. 2021) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). A defendant challenging the sufficiency of the evidence to support his conviction faces a "heavy burden," and "reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

"[T]o establish a RICO conspiracy the government must prove that each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts." *United States v. Cornell*, 780 F.3d 616, 623 (4th Cir. 2015) (internal quotation marks omitted). Racketeering acts "include any act or threat

2

involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance chargeable under state law and punishable by imprisonment for more than one year." *Id.* (citing 18 U.S.C. § 1961(1)). On appeal, Taylor claims that the Government failed to show that he knowingly and willfully agreed to engage in "a pattern of racketeering activity." *United States v. Pinson*, 860 F.3d 152, 161 (4th Cir. 2017) (per curiam) (internal quotation marks omitted). A "pattern of racketeering activity" exists when the government shows that the coconspirators agreed to commit at least two predicate criminal acts, punishable by imprisonment for more than one year, that were "related" and "amount[ed] to or pose[d] a threat of continued criminal activity." *Id.* at 161 (internal quotation marks omitted); 18 U.S.C. § 1961(1); *see also Cornell*, 780 F.3d at 624 (noting that because the RICO conspiracy statute contains no overt act requirement, government need only show that defendant *agreed* to predicate acts, not that defendant completed any particular act).

Here, the Government adduced evidence that Taylor and his fellow gang members agreed to rob a drug dealer and that Taylor explicitly directed gang members to sell narcotics in order to make money for the gang. Thus, Taylor agreed that members of the criminal enterprise would commit at least two predicate racketeering acts. Drawing all inferences in the Government's favor, a reasonable juror could easily find that those acts were "related" and "pose[d] a threat of continued criminal activity," and thus constituted a pattern of racketeering activity. *Pinson*, 860 F.3d at 161 (internal quotation marks omitted).

Additionally, while the government need not prove the actual performance of any predicate act to sustain a RICO conspiracy conviction, if a defendant does, in fact, commit a predicate act, that is sufficient proof that the defendant agreed to the act's completion. *See Cornell*, 780 F.3d at 621; *United States v. Lawson*, 535 F.3d 434, 445 (6th Cir. 2008). Here, the evidence established that Taylor robbed a drug dealer, dealt heroin on multiple occasions, had a drug dealing arrangement with his friend, and murdered another gang member in order to maintain his respect and reputation within the gang. Therefore, substantial evidence in the record established that Taylor himself actually performed several racketeering acts constituting a pattern of racketeering activity, and thus ample evidence supports his conviction for RICO conspiracy.

Taylor next argues that the district court erred in failing to sua sponte order a mistrial when a juror complained that she was emotionally disturbed after viewing a photograph of the murder victim's injuries. Generally, we review a district court's decision to grant or deny a mistrial for abuse of discretion. *United States v. Zelaya*, 908 F.3d 920, 929 (4th Cir. 2018). However, here, because Taylor did not move for a mistrial in the district court, we may only reverse the district court's decision if it was plainly erroneous. *See United States v. Moore*, 810 F.3d 932, 939 (4th Cir. 2016) (applying plain error review to unpreserved challenge).

Here, the district court confirmed that the concerned juror would remain fair and impartial despite the photograph's disturbing content, struck the offending photograph from the record, and issued limiting instructions directing the jury to ignore the photograph. *See United States v. Wallace*, 515 F.3d 327, 330 (4th Cir. 2008) (holding district court's

4

denial of mistrial is not an abuse of discretion "if the jury could make individual guilt determinations by following the court's cautionary instructions" (internal quotation marks omitted)). Additionally, "juries are presumed to follow their instructions," and Taylor has offered "no credible arguments to rebut the presumption that the jury followed its instructions here." *United States v. Lam*, 677 F.3d 190, 204 (4th Cir. 2012). We thus conclude that the court soundly exercised its discretion in declining to declare a mistrial. Moreover, the overwhelming evidence against Taylor undermines any suggestion that he was unduly prejudiced by the brief publication of the disturbing exhibit. *Wallace*, 515 F.3d at 330 (noting that district court's denial of mistrial is an abuse of discretion only if the defendant shows prejudice). We therefore find that the court did not err—let alone plainly err—in declining to sua sponte declare a mistrial.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*